IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Armour Pharmacy, : 
               Petitioner : 
 : 
          v. : No. 1613 C.D. 2017
 : Argued: June 4, 2018
Bureau of Workers' Compensation : 
Fee Review Hearing Office (National : 
Fire Insurance Company of Hartford), : 
             Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: August 7, 2018

Armour Pharmacy (Pharmacy) petitions for review of an adjudication of the Bureau of Workers' Compensation, Fee Review Hearing Office (Hearing Office) that vacated a fee review determination by the Bureau's Medical Fee Review Section that Pharmacy was entitled to be paid $6,644.30, plus interest, for medication it had dispensed to Mark Kraayenbrink (Claimant). The Hearing Office did so because Claimant had released his employer from liability for this particular treatment in a Compromise and Release (C&R) Agreement that was approved by a Workers' Compensation Judge (WCJ). Notably, this C&R Agreement was executed after the fee review determination was issued and while the employer's challenge thereto was pending. Pharmacy argues that the C&R Agreement cannot be used to set aside a fee review determination; rather, a fee review determination in favor of a provider may be set aside only by following the fee review procedures set forth in the Workers' Compensation Act[1] (Act). Pharmacy also argues that the C&R

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

Agreement, to which it was not a party, deprived it of its property rights in violation of the Act and in violation of Pharmacy's constitutional guarantee of due process of law. We vacate and remand.

## Background

In 1999, Claimant sustained a back injury while working for Cabinet Transport, Inc. (Employer). In 2000, Claimant and Employer entered into a C&R Agreement that settled Claimant's disability compensation but left Employer responsible for Claimant's medical treatment. Since 2000, Employer has covered Claimant's medical treatment.[2]

In 2015, Employer requested a utilization review of a topical compound cream prescribed by Jason Bundy, M.D. to treat Claimant's work injury, *i.e.,* neuropathy. This compounded cream consisted of "ketamine 10%, flurbiprofen 10%, gabapentin 10%, cyclobenzaprine 3%, bupivacaine 2% within a transdermal base" and was to be applied as needed. Utilization Review Determination at 5; Reproduced Record at 7a (R.R. __). On September 9, 2015, the utilization review organization determined that the compound cream prescribed by Dr. Bundy to Claimant was reasonable and necessary to treat Claimant's accepted work injury. Employer did not appeal.

In early 2016, Dr. Bundy prescribed the identical compound cream to Claimant. Pharmacy dispensed the cream and billed Employer on April 19, 2016, but Employer refused to pay Pharmacy's invoice, "based on utilization review." R.R. 14a. Pharmacy filed a timely fee review application with supporting documents. On July 25, 2016, the Medical Fee Review Section of the Bureau

---

[2] The insurer responsible for Claimant's workers' compensation benefits is National Fire Insurance Company of Hartford.

determined that Employer owed Pharmacy $6,644.30, plus ten percent interest to be calculated as of the 30th day after Pharmacy had submitted its invoice for payment. On August 5, 2016, Employer requested a hearing to contest the fee review determination on the following grounds:

> Claimant has been prescribed compound medications which are overly inflated in price, with self-interest from the prescriber, are not FDA approved and generally contain the same medications that can be taken orally at a significant price reduction. The medicine is not reasonable nor medically necessary.

R.R. 32a. The hearing requested by Employer was convened on November 18, 2016, before a hearing officer appointed by the Hearing Office.

At the hearing's inception, Employer alleged that Dr. Bundy had a financial interest in Pharmacy and, thus, his prescription constituted an unlawful "self-referral." Notes of Testimony at 6 (N.T. ___); R.R. 86a. Noting that the question of whether the provider self-referral prohibition in the Act[3] applies to pharmacies was pending in several cases, the Hearing Officer stated that he would

---

[3] Section 306(f.1)(3)(iii) of the Act provides:

> Notwithstanding any other provision of law, *it is unlawful for a provider to refer a person for laboratory, physical therapy, rehabilitation, chiropractic, radiation oncology, psychometric, home infusion therapy or diagnostic imaging, goods or services pursuant to this section if the provider has a financial interest with the person or in the entity that receives the referral.* It is unlawful for a provider to enter into an arrangement or scheme such as a cross-referral arrangement, which the provider knows or should know has a principal purpose of assuring referrals by the provider to a particular entity which, if the provider directly made referrals to such entity, would be in violation of this section. No claim for payment shall be presented by an entity to any individual, third-party payer or other entity for a service furnished pursuant to a referral prohibited under this section.

77 P.S. §531(3)(iii) (emphasis added).

3

defer ruling on that question.  Accordingly, the Hearing Officer instructed Employer to "move on" to the "non-self-referral issues."  N.T. at 8; R.R. 88a.

Employer then presented a copy of a C&R Agreement, which was approved by a WCJ on October 28, 2016 (2016 C&R Agreement), three months after the Medical Fee Review Section directed Employer to pay Pharmacy $6,644.30 plus interest.[4]  The 2016 C&R Agreement states, in relevant part, as follows:

> Upon approval of this Agreement Defendant/ Employer shall pay reasonable, necessary and related medical expenses incurred before the hearing date.  No past, present or future benefits shall be paid for any compounded prescription cream, including but not limited to compound prescription creams prescribed by physician Dr. Jason Bundy.  (see Addendum)

2016 C&R Agreement, ¶10; R.R. 59a (emphasis added).   The corresponding Addendum stated:

> After an investigation, Defendants have reason to believe that Dr. Bundy has a financial interest in [Pharmacy] in violation of [S]ection 306(f.1)(3)(iii) of the Act[, 77 P.S. §531(3)(iii)] and Sections 127.301 and 127.302 of the Medical Cost Containment Regulations[, 34 Pa. Code §§ 127.301-127.302].  Consistent with Section 306(f.1)(7) [of the Act, 77 P.S. §531(7)] neither provider Dr. Bundy nor [Pharmacy] shall hold the Claimant responsible for any charges related to the above mentioned compounding prescription cream.

Addendum to ¶10, R.R. 62a.  Employer asserted that paragraph 10 of the 2016 C&R Agreement relieved it of liability to pay Pharmacy's invoice for the compound creams and, thus, the Hearing Officer lacked jurisdiction to proceed further on

---

[4] Specifically, the Medical Fee Review Section ordered Employer to pay Pharmacy on July 25, 2016.  On September 15, 2016, Employer petitioned for approval of the C&R Agreement.  It was approved by the WCJ on October 28, 2016, shortly before the hearing on Employer's challenge to the fee review determination.

4

Employer's request for a hearing to contest the fee review determination in favor of Pharmacy.

Pharmacy replied that it was not a party to the 2016 C&R Agreement, which was executed long after Pharmacy had dispensed the medication and the Medical Fee Review Section had made its determination that Employer was liable for the cost plus interest. Pharmacy contended that a C&R Agreement could not be used "to invalidate or subvert a legal process" established in the Act for a review of a provider's fees. N.T. at 13-14; R.R. 93a-94a. Pharmacy further contended that its vested right to the payment ordered by the Medical Fee Review Section could not be "extinguished" without notice and an opportunity to be heard. *Id.*

At the direction of the Hearing Officer, the parties submitted briefs on the threshold question of whether the 2016 C&R Agreement deprived the Hearing Officer of jurisdiction over Employer's challenge to the fee review determination. On October 3, 2017, the Hearing Officer issued the instant adjudication. He concluded that in light of the 2016 C&R Agreement, which extinguished Employer's past, present and future liability for compound creams, the Medical Fee Review Section's "Administrative Determination cannot stand." Hearing Office Adjudication at 6. In response to Pharmacy's due process arguments, the Hearing Officer explained that he lacked the authority to address constitutional questions. Likewise, he lacked jurisdiction to consider the merits of the 2016 C&R Agreement, which was a matter committed solely to the discretion of the WCJ. Accordingly, the Hearing Officer granted Employer's motion to dismiss and vacated the July 25, 2016, fee review determination that Employer owed Pharmacy $6,644.30, plus

5

interest, for the compound cream prescribed to Claimant. Pharmacy then petitioned for this Court's review of the Hearing Office's adjudication.[5]

On appeal, Pharmacy challenges the Hearing Office's adjudication as violative of Pharmacy's right to payment under the Act for medications it dispensed for treatment of Claimant's accepted work injury. Pharmacy contends that the Hearing Office erred in relying upon the C&R Agreement, which was employed improperly to deprive Pharmacy of due process of law and to usurp the procedures in the Act for resolving fee disputes. Finally, Pharmacy argues that Employer waived its ability to use the 2016 C&R Agreement as the basis of its motion to dismiss.[6]

**Applicable Law**

The Act requires employers to make prompt payment on provider invoices for reasonable and necessary medical treatment of a claimant's work injury. The Act also establishes specific procedures for resolving disputes between a provider and an employer about whether the treatment that generated the invoice actually meets that standard. Section 301(f.1)(5) states:

> The employer or insurer shall make payment and providers shall submit bills and records in accordance with the provisions of this section. *All payments to providers for treatment provided*

---

[5] Our review in medical fee review cases determines whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact were supported by substantial evidence. *Pittsburgh Mercy Health System v. Bureau of Workers' Compensation, Fee Review Hearing Office (U.S. Steel Corp.)*, 980 A.2d 181, 184 n.4 (Pa. Cmwlth. 2009). Regarding questions of law, our scope of review is plenary and our standard of review is *de novo*. *Sedgwick Claims Management Services, Inc., v. Bureau of Workers' Compensation, Fee Review Hearing Office (Piszel and Bucks County Pain Center)*, 185 A.3d 429, 433 n.2 (Pa. Cmwlth. 2018).

[6] Pharmacy asserts waiver because Employer's request for a hearing to contest the fee review determination did not cite the 2016 C&R Agreement. It did not yet exist. Because we decide the appeal on other grounds, we do not address Pharmacy's waiver claim.

6

*pursuant to this act shall be made within thirty (30) days of receipt of such bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph (6).* The nonpayment to providers within thirty (30) days for treatment for which a bill and records have been submitted shall only apply to that particular treatment or portion thereof in dispute; payment must be made timely for any treatment or portion thereof not in dispute. *A provider who has submitted the reports and bills required by this section and who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review* with the department no more than thirty (30) days following notification of a disputed treatment or ninety (90) days following the original billing date of treatment. If the insurer disputes the reasonableness and necessity of the treatment pursuant to paragraph (6), the period for filing an application for fee review shall be tolled as long as the insurer has the right to suspend payment to the provider pursuant to the provisions of this paragraph. Within thirty (30) days of the filing of such an application, the department shall render an administrative decision.

77 P.S. §531(5) (emphasis added). "Paragraph 6" states, in relevant part, as follows:

*[D]isputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions*:

> (i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer. The department shall authorize utilization review organizations to perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review.

7

77 P.S. §531(6) (emphasis added).

In sum, where an employer challenges a provider's treatment as neither reasonable nor necessary, it must seek utilization review pursuant to Section 301(f.1)(6) of the Act. Until the utilization review determination is issued, the employer may "suspend payment to the provider." Section 301(f.1)(5), 77 P.S. §531(5). Where a provider does not receive payment within 30 days (and payment has not been stayed by an employer's utilization review request), it has recourse. The provider may file a fee review petition under Section 301(f.1)(5) of the Act, which gives that provider a right to prompt payment for reasonable and necessary medical treatment of a claimant's accepted work injury.

Notably, a fee review proceeding cannot be used to establish that a claimant has a work-related injury for which the employer has liability. As this Court has explained:

> the fee review process *presupposes* that liability has been established, either by voluntary acceptance by the employer or a determination by a WCJ. Neither the Act nor the medical cost containment regulations provide any authority for a fee review officer to decide the issue of liability in a fee review proceeding. The Department's regulations, at 34 Pa.Code § 127.255(1), state that an application for fee review filed by a provider is premature and will be returned if "[t]he insurer denies liability for the alleged work injury." The issue for the fee review officer is the "amount and timeliness of the payment made by an insurer." 34 Pa.Code § 127.251.

*Nickel v. Workers' Compensation Appeal Board (Agway Agronomy)*, 959 A.2d 498, 503 (Pa. Cmwlth. 2008) (emphasis added). Any dispute about whether a claimant has a work injury, or the scope of that injury, must be litigated in accordance with the procedures of the Act for a claim petition proceeding. *See Inglis House v.*

8

*Workmen's Compensation Appeal Board* (*Reedy*), 634 A.2d 592, 595 (Pa. 1993) ("[I]n a claim proceeding, the employee bears the burden of establishing a right to compensation and of proving all necessary elements to support an award").

Pharmacy argues it has a right to payment under Section 301(f.1)(5) of the Act, which is a right protected by due process of law.[7] It contends that Employer's collusive 2016 C&R Agreement was designed solely to nullify the Medical Fee Review Section's determination and to bypass the fee review procedures set forth in Section 301(f.1)(5) of the Act. Employer responds that Section 449(a) of the Act[8] provides that "[n]othing in this act shall impair the right of the parties interested to compromise and release, subject to the provisions herein contained, any and all liability which is claimed to exist under this act on account of injury or death." 77 P.S. §1000.5(a). Employer maintains that the 2016 C&R Agreement was consistent with Section 449(a) of the Act and relieved it of liability to pay Pharmacy's invoice as directed by the Medical Fee Review Section.

The central question in this appeal is whether a C&R agreement can be used to set aside a fee review determination that an employer owes reimbursement to a provider for a particular course of treatment.

---

[7] The Due Process Clause of the Fourteenth Amendment states as follows:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. XIV, §1. The Pennsylvania Constitution also provides this protection. PA. CONST. art. I, §9.

[8] Added by the Act of June 24, P.L. 350, 77 P.S. §1000.5(a).

**Analysis**

On May 10, 2016, Employer denied payment of Pharmacy's April 19, 2016, bill in its entirety "based on utilization review." R.R. 14a. As noted by the Hearing Officer, Employer "attacked" the 2015 utilization review determination that the compound cream was medically necessary, but it did not appeal that determination in accordance with the provisions of the Act. Hearing Office Adjudication at 4, n.3. Nor did Employer seek a utilization review of the 2016 prescription that was dispensed by Pharmacy or allege that Claimant's condition changed since 2015. *Id.* at 3, n.2. Employer's refusal to pay Pharmacy's 2016 invoice violated the Act and the Department's implementing regulation.

First, if Employer wanted to suspend its obligation to pay Pharmacy's 2016 invoice within 30 days, it had to file a new utilization review application in accordance with Section 301(f.1)(6) of the Act. It did not do so and, thus, it lacked a lawful basis not to pay Pharmacy promptly in accordance with Section 301(f.1)(5) of the Act.

Second, the Department's regulation provides that where a "bill is denied entirely, insurers shall provide a written explanation of the denial." 34 Pa. Code §127.209. Employer gave a false reason, *i.e.,* that Pharmacy's invoice was denied on the basis of "utilization review." This was contrary to the 2015 determination of the utilization review organization that the compound cream was reasonable and necessary to treat Claimant's neuropathy. Giving a false reason, even one in writing, is not the "explanation" required by the regulation.

Pharmacy properly responded to Employer's refusal to pay by submitting a timely application for fee review under Section 306(f.1)(5) of the Act. The Medical Fee Review Section promptly granted Pharmacy's application,

calculating the amount owed to be $6,644.30 and 10% interest on the unpaid sum "calculated from the date payment on each bill was due." R.R. 25a.

Employer relies upon paragraph 10 of the 2016 C&R Agreement that purported to dissolve Employer's liability for any past, present and future compound creams. However, paragraph 10 also states that Employer "shall pay reasonable, necessary and related medical expenses incurred *before* the hearing date [on the 2016 C&R Agreement]." R.R. 59a (emphasis added). This includes the compound cream issued to Claimant in 2016, which was specifically determined by the Medical Fee Review Section to be reasonable and necessary in 2015 *before* the hearing on the 2016 C&R Agreement. In short, paragraph 10 obligated Employer to pay for the "reasonable and necessary" compound creams dispensed by Pharmacy in 2016 because the expense therefor had already been "incurred."[9] *Id.*

A valid C&R agreement is "binding upon the parties." *Department of Labor & Industry, Bureau of Workers' Compensation v. Workers' Compensation Appeal Board (US Food Service)*, 932 A.2d 309, 314 (Pa. Cmwlth. 2007). However, Pharmacy was not a party to the 2016 C&R Agreement. Accordingly, Employer's reliance upon Section 449(a) of the Act is misplaced. The scope of Section 449(a) is limited to "parties interested" that wish to "compromise and release … any and all liability" under the Act. 77 P.S. §1000.5(a). This does not include the provider.[10]

---

[9] Claimant has no liability to Pharmacy. Section 306(f.1)(7) provides: "[a] provider shall not hold an employe liable for costs related to care or service rendered in connection with a compensable injury under this act. A provider shall not bill or otherwise attempt to recover from the employe the difference between the provider's charge and the amount paid by the employer or the insurer." 77 P.S. §531(7).

[10] The other provisions of Section 449 speak to the rights of the "employer or insurer" and "the claimant" (or his dependents or survivors). 77 P.S. §1000.5.

11

Further, as a matter of due process, Pharmacy cannot be deprived of its rights under the Act except in accordance with due process of law.

In *In re Upset Sale,* 479 A.2d 940 (Pa. 1984), the Pennsylvania Supreme Court affirmed that the U.S. Constitution requires notice and an opportunity to be heard before property or property rights may be taken, particularly when the process is part of a state regulatory scheme. The Court stated:

> The Due Process Clause of the Fourteenth Amendment to the Federal Constitution requires at a minimum that the deprivation of life, liberty or property by adjudication must be preceded by notice and opportunity for hearing appropriate to the nature of the case. The United States Supreme Court beginning with *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 94 L.Ed. 865, 70 S.Ct. 652 (1950), has invoked the Due Process Clause and required states to make efforts to provide actual notice to all parties whose interests are affected by proceedings before a tribunal.

*Id.* at 943.

In *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306 (1950), the U.S. Supreme Court explained that:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

The Court further held that the "notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance." *Id.* (internal citations omitted).

In *Baksalary v. Smith,* 579 F. Supp. 218 (E.D. Pa. 1984), the U.S. District Court held that the "automatic supersedeas" provision of the Act, which

12

allowed an employer to suspend a claimant's disability compensation without a prior hearing, was unconstitutional under the Due Process Clause of the Fourteenth Amendment. That the claimant could eventually have his compensation reinstated was not sufficient to satisfy due process because the claimant "had no avenue to contest [the suspension's] application." *Id.* at 221-22.

The Act's utilization review and fee review procedures have been designed to comport with due process. They give both the employer and provider an opportunity to be heard on the factual question of whether a provider's treatment was reasonable and necessary and, thus, required to be paid for by the employer. A C&R agreement, to which a provider is not a party, cannot be used to deprive a provider of the review procedures and excuse the employer from paying the provider. To do so would violate the Act and due process. *Baksalary,* 579 F. Supp. at 221-22.

Also instructive is *Gingerich v. Workers' Compensation Appeal Board* (*U.S. Filter*), 825 A.2d 788 (Pa. Cmwlth. 2003). In that case, a claimant and her tort counsel entered into a C&R agreement with the employer that, *inter alia,* allowed the claimant to retain the tort claim award and released the employer from future payment of her compensation counsel's fees. This Court held that neither the claimant nor her employer could deprive her compensation counsel of these fees via a C&R Agreement. Neither was "the person with the claim." *Id.* at 791. Likewise, here, Claimant had no authority to "release" Employer from its liability to Pharmacy because Claimant was not "the person with the claim." Nor could Employer release itself from its liability to Pharmacy established by the Medical Fee Review Section. The parties to a C&R agreement can bind each other, but they cannot release themselves from liability to a person who is not a party to the C&R agreement and

13

who has been given neither notice nor opportunity to be heard on the C&R Agreement.

**Conclusion**

The 2016 C&R Agreement holds Employer liable for all "reasonable, necessary and related medical expenses incurred before the date of the [October 25, 2016] hearing." 2016 C&R Agreement, ¶10; R.R. 59a. The Addendum to Paragraph 10 purports to exclude Pharmacy's 2016 invoice from its reach for the stated reason that Dr. Bundy has a financial interest in Pharmacy. However, there is no evidence that Dr. Bundy has a financial interest in Pharmacy, and there has not been a legal determination that this financial relationship, if it exists, violates the Act. The stated "belief" of the parties in the 2016 C&R Agreement on this legal question is meaningless.

The 2016 C&R Agreement requires Employer to pay for all reasonable and necessary medical expenses incurred prior to hearing, and it is for the utilization review organization to decide whether the compound cream treatment was reasonable and necessary. It did so in 2015, and Employer never challenged that determination. A C&R Agreement cannot be employed to avoid the procedures in the Act for challenging a provider's invoice or a fee review determination that the invoice must be paid. To hold otherwise would eviscerate Section 301(f.1)(5) and (6) of the Act and violate the due process of law guaranteed to providers.

Accordingly, we vacate the adjudication of the Hearing Office that the 2016 C&R Agreement eliminated Employer's liability to Pharmacy. We remand to the Bureau for a decision on the merits of Employer's request for a hearing to contest the fee review determination of July 25, 2016, in favor of Pharmacy.

_____
MARY HANNAH LEAVITT, President Judge

14

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Armour Pharmacy, : 
         Petitioner : 
  : 
  v. : No. 1613 C.D. 2017
  : 
Bureau of Workers' Compensation : 
Fee Review Hearing Office (National : 
Fire Insurance Company of Hartford), : 
         Respondent : 

## **O R D E R**

AND NOW, this 7th day of August, 2018, the order of the Bureau of Workers' Compensation, Fee Review Hearing Office of October 3, 2017, is VACATED and the matter is REMANDED for a decision on the merits of the request for a hearing to contest the fee review determination filed by National Fire Insurance Company of Hartford, in accordance with the attached opinion.

        Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge