IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Workers First Pharmacy Services, LLC, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1619 C.D. 2018 |
| | : | Argued: June 3, 2019 |
| Bureau of Workers' Compensation Fee Review Hearing Office (Cincinnati Insurance Company), | : | |
| Respondent | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                    HONORABLE ROBERT SIMPSON, Judge
                    HONORABLE ELLEN CEISLER, Judge

OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: August 7, 2019

Workers First Pharmacy Services, LLC, (Pharmacy) petitions for review of an adjudication of the Bureau of Workers' Compensation, Fee Review Hearing Office (Hearing Office) that vacated three fee review determinations by the Bureau's Medical Fee Review Section. In a Compromise and Release (C&R) Agreement between Miguel Martinez (Claimant) and American Business Support (Employer), Employer denied that Claimant suffered a work injury but, nevertheless, agreed to compensate Claimant. The Hearing Office concluded it lacked jurisdiction over Pharmacy's fee review applications because Employer did not accept liability for the work injury in the C&R Agreement. Pharmacy argues that Employer cannot use a C&R Agreement to deprive Pharmacy of payment for medical services it provided to Claimant. We vacate and remand.

**Background**

On May 16, 2017, Claimant filed a claim petition pursuant to the Workers' Compensation Act (Act),[1] alleging that he suffered a work injury to his head, neck, back and left shoulder. Specifically, Claimant alleged that on November 12, 2016, while moving a cabinet, his hand truck got caught in carpeting causing the cabinet to fall on him. On January 16, 2017, Employer filed a notice of workers' compensation denial with the Bureau of Workers' Compensation, stating Claimant did not suffer a work injury.

On May 15, 2017, Gerald E. Dworkin, D.O., of the Pain and Spine Treatment Center, prescribed Claimant several medications, only two of which are relevant here. On May 17, 2017, Pharmacy dispensed 177.2 units of Lidocaine 5 percent Ointment, for which it billed Employer, by its insurer Cincinnati Insurance Company (Insurer), $1,909.95, and 300 units of Diclofenac 1.5 percent Topical Solution, for which it billed Insurer $3,249.99. On June 8, 2017, Pharmacy dispensed 177.2 units of Lidocaine 5 percent Ointment and billed Employer $1,909.95. On June 19, 2017, Pharmacy dispensed 300 units of Diclofenac 1.5 percent Topical Solution, for which it billed Employer $3,249.99.

Employer denied payment on all three invoices for the stated reason that Claimant did not sustain a work injury. In response, Pharmacy filed three fee review applications. The Medical Fee Review Section denied Pharmacy's applications regarding the May 17 and June 19 invoices as premature because Employer had contested liability for the alleged work injury. Regarding the June 8 invoice, the Medical Fee Review Section found that Employer owed Pharmacy

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

2

$1,650 (110 percent of the average wholesale price), plus interest for an untimely payment.[2]

Employer requested a hearing to contest all three fee review determinations even though it had only received an adverse determination regarding the June 8 invoice. Employer argued that the Medical Fee Review Section lacked jurisdiction over Pharmacy's fee review applications because Employer had no liability for Claimant's injuries.

At a January 17, 2018, hearing before the Hearing Office, the parties agreed that Employer had denied liability for Claimant's injuries. They also agreed that a hearing was scheduled before the Workers Compensation Judge (WCJ) on February 21, 2018, and there was a possibility of settlement. The Hearing Office continued the fee review contest in light of the scheduled WCJ hearing.

On February 21, 2018, Employer and Claimant presented a C&R Agreement to the WCJ. Therein, Employer agreed to pay Claimant $37,500 in settlement of "his workers' compensation claim for past, present, and/or future indemnity and future health care benefits/medical benefits[.]" C&R, ¶19; Reproduced Record at 22a (R.R. __). Paragraphs 10 and 10(r) of the C&R Agreement stated, in pertinent part:

> This is a resolution of a disputed claim. The mere fact that the parties are entering into this resolution should not be construed by Claimant, this Court or any other person or entity that [Employer] is in any manner legally obligated for any of the payments being made pursuant to this [C&R] Agreement. To the contrary, [Employer] vigorously denies and disputes any and all allegations that have been made by the Claimant in any of the Claimant's Petitions.

---

[2] It appears Insurer failed to respond to the claim related to the June 8 invoice.

3

Concerning past medical expenses, all parties acknowledge that there are past unpaid healthcare expenses. These include, but are not limited to, Jeanes Hospital, Temple University Physicians ER, Disston Chiropractic, Temple Family Practice and Dr. Dworkin. As part and parcel of this settlement, Claimant is responsible for any past healthcare bills, medical bills, prescription drug bills or health related matters with limited exception. *Both parties also acknowledge that there are outstanding bills from [Pharmacy] for topical creams. This is a denied claim. Nevertheless, [Pharmacy] filed for reimbursement of its bill through the Fee Review system. In short, the outstanding bills for topical cream are currently being reviewed and litigated through the Fee Review system. Those limited outstanding bills are separate, distinct, and are not part of this otherwise global resolution for any and all past, present and future wages together with past, present and future medical. That is, and by way of clarification, the Fee Review for [Pharmacy]* (attached is a request for hearing to contest the Fee Review Determination as Exhibit "C") *shall continue. The instant [C&R] Agreement does not resolve that issue nor will the Claimant be responsible for any payments to [Pharmacy] pursuant to the separate Fee Review litigation.* Nevertheless, with that limited exception, the instant settlement for a gross lump sum of $37,500.00 resolves any and all past, present or future wages together with any other past, present or future healthcare bills, medical bills, prescription drug bills including but not limited to the referenced provider set forth above. Under no circumstances will [Employer] be responsible for any other past, present or future healthcare bills (again with the limited exception of the pending Fee Review matter attached as Exhibit "C"). That matter shall continue litigation and is not being resolved by this [C&R] Agreement. However, [Employer] is not responsible for any past outstanding bills from Jeanes Hospital, Temple University, Disston Chiropractic, Temple Family Practice, Dr. Dworkin and any others again with the limited exception set forth herein.

C&R, ¶¶10 and 10(r); R.R. 21a, 24a (emphasis added).

At the hearing on the C&R Agreement, Claimant testified that Employer had agreed to settle without accepting liability for his injuries. Claimant agreed that he would be responsible for any outstanding medical expenses, except for those related to Pharmacy's fee review applications. Employer's counsel questioned Claimant as follows:

Q. Just a few questions. Your attorney was very thorough. With respect to the fee review, there's a fee review currently open [with Pharmacy]. You understand whatever the fee review determination eventually comes down with, zero dollars owed, $1,000 owed, what have you, it's going to have nothing to do with you; do you understand that?

A. Okay

Q. Is that okay with you?

A. Yes

Q. So, if it's deemed that [Insurer] owes an amount of money, that that will be paid for and you won't be liable for it; do you understand that?

A. Yes.

Q. In addition, if the fee review determines that [Insurer] owes zero dollars, you still won't be liable for it because [Pharmacy] won't be able to bill you directly; do you understand that?

A. Yes.

Notes of Testimony, 2/21/2018, at 10-11 (N.T. __); R.R. 145a-46a. The WCJ approved the C&R Agreement on February 23, 2018.

On March 1, 2018, Employer sent Pharmacy a letter stating that because Employer had not accepted liability for Claimant's injury in the C&R Agreement, there was no reason to move forward with the fee review proceeding. In response,

5

Pharmacy filed requests for admissions from Employer's counsel and sought to call counsel as a witness at the next hearing before the Hearing Office.

On May 24, 2018, the Hearing Office held a conference with the parties. At the conclusion, the parties were advised that the matter would be decided on the evidence submitted by the parties, which included the C&R Agreement.

On November 15, 2018, the Hearing Office issued the adjudication on appeal here. The adjudication vacated the three determinations of the Medical Fee Review Section and held that Pharmacy's fee review applications were premature. The adjudication explained that Employer had denied liability for the work injury when Claimant filed his claim petition and continued to deny liability in the C&R Agreement. Because Employer had not been adjudicated liable for the work injury, the Hearing Office lacked jurisdiction over the fee review contest.

## Appeal

Pharmacy petitioned for this Court's review of the Hearing Office's adjudication.[3] Pharmacy asserts its due process[4] rights were violated because the C&R Agreement was used to relieve both Employer and Claimant from liability to

---

[3] Our review in medical fee review cases determines whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact were supported by substantial evidence. *Pittsburgh Mercy Health System v. Bureau of Workers' Compensation, Fee Review Hearing Office (U.S. Steel Corp.)*, 980 A.2d 181, 184 n.4 (Pa. Cmwlth. 2009). Regarding questions of law, our scope of review is plenary and our standard of review is *de novo*. *Sedgwick Claims Management Services, Inc., v. Bureau of Workers' Compensation, Fee Review Hearing Office (Piszel and Bucks County Pain Center)*, 185 A.3d 429, 433 n.2 (Pa. Cmwlth. 2018).

[4] The Due Process Clause of the Fourteenth Amendment states as follows:

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. XIV, §1. The Pennsylvania Constitution also provides this protection. PA. CONST. art. I, §9.

6

Pharmacy. Pharmacy argues that by agreeing to release Claimant from any liability to Pharmacy, Employer made itself subject to and bound by the fee review process.

**Applicable Law**

Under Section 306(f.1)(7) of the Act, a claimant has no liability for medical expenses incurred for treatment of a work injury; it states as follows:

> A provider shall not hold an employe liable for costs related to care or service rendered in connection with a compensable injury under this act. A provider shall not bill or otherwise attempt to recover from the employe the difference between the provider's charge and the amount paid by the employer or the insurer.

77 P.S. §531(7). The employer must pay a provider for treatment of a work injury, and the provider may not seek the difference between its charge and the amount paid by the employer.

In *Nickel v. Workers' Compensation Appeal Board (Agway Agronomy),* 959 A.2d 498, 503 (Pa. Cmwlth. 2008), this Court considered the impact of a C&R agreement upon a claimant's medical compensation claim. This Court explained that an employer may deny liability for a work injury in a C&R agreement but voluntarily agree to pay the claimant's medical expenses. In such a case, the employer cannot thereafter contest a fee review determination based on its denial of liability for the work injury. *Id.*

*Nickel* also addressed the narrow scope of a fee review proceeding as follows:

> [T]he fee review process *presupposes* that liability has been established, either by voluntary acceptance by the employer or a determination by a WCJ. Neither the Act nor the medical cost containment regulations provide any authority for a fee review officer to decide the issue of liability in a fee review proceeding. The Department's regulations, at 34 Pa. Code § 127.255(1), state

7

that an application for fee review filed by a provider is premature and will be returned if "[t]he insurer denies liability for the alleged work injury." The issue for the fee review officer is the "amount and timeliness of the payment made by an insurer." 34 Pa. Code §127.251.

*Id.*

Accordingly where a C&R agreement establishes an employer's "*responsibility*" for medical bills, a fee review application is not "premature on the ground that liability had not yet been established or accepted." *Id.* (emphasis in original).[5] We explained as follows:

> In the case of a C & R agreement where the employer denies liability, but nevertheless agrees to remain responsible for [c]laimant's reasonable and necessary medical expenses, the [Hearing Office] may proceed so long as the parties agree that the bills are related to the work injury. In other words, in this scenario, the only issue is the amount of the bill; the [hearing] officer is not called upon to make credibility determinations or legal judgments with regard to an insurer's liability for a particular injury or treatment. In that circumstance, the employer agrees, in compromise, to pay the medical bills irrespective of liability, i.e., [e]mployer's responsibility for the medical bills is assumed.

*Id.*

In *Armour Pharmacy v. Bureau of Workers' Compensation Fee Review Hearing Office (National Fire Insurance Company of Hartford)*, 192 A.3d 304 (Pa. Cmwlth. 2018), this Court again addressed the interplay of a C&R agreement and a fee review proceeding. In that case, a utilization review organization determined

---

[5] *Nickel* was not a fee review case. There, the claimant filed a penalty petition based on the employer's failure to pay outstanding medical bills in accordance with the C&R agreement. Ultimately, penalties were not awarded because the medical provider had accepted reimbursement from the claimant's secondary insurer, the Department of Public Welfare.

8

that a compound medical cream prescribed to the claimant was reasonable and necessary to treat his accepted work injury. Armour Pharmacy dispensed the cream and, after the employer refused to pay for it, filed a fee review application. The Medical Fee Review Section determined that the employer was liable. The employer appealed and, while the appeal was pending, the claimant and the employer entered into a C&R agreement. Pursuant to the agreement, the employer accepted liability for all past medical expenses incurred, with the exception of the compound medical cream dispensed by Armour Pharmacy. The C&R agreement also stated that the claimant was not liable to reimburse Armour Pharmacy.

The Hearing Office held that the C&R agreement divested it of jurisdiction. Further, because the C&R agreement extinguished the employer's liability for the compound medical cream, the Hearing Office vacated the fee determinations that directed the employer to pay Armour Pharmacy.

This Court vacated the adjudication of the Hearing Office and remanded for a hearing on the employer's challenge to the Medical Fee Review Section's fee determinations. We held that "[a] C&R agreement, to which a provider is not a party, cannot be used to deprive a provider of the review procedures and excuse the employer from paying the provider." *Armour Pharmacy*, 192 A.3d at 312. "To hold otherwise would eviscerate Section 301(f.1)(5) and (6) of the Act and violate the due process of law guaranteed to providers." *Armour Pharmacy*, 192 A.3d at 312.[6]

---

[6] The Act establishes specific procedures for resolving disputes between a provider and an employer regarding payment for a claimant's medical treatment. Section 301(f.1)(5) of the Act states:

> The employer or insurer shall make payment and providers shall submit bills and records in accordance with the provisions of this section. *All payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of*

## Analysis

As noted, a claimant is not responsible for the cost of treatment of work-related injuries. Section 306(f.1)(7) of the Act, 77 P.S. §531(7). Here, Employer promised Claimant that he would not be liable for Pharmacy's bills, regardless of the outcome of the litigation on the fee determinations. As established in *Armour Pharmacy*, 192 A.3d at 312, the parties to a C&R agreement cannot use the

*receipt of such bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph (6).* The nonpayment to providers within thirty (30) days for treatment for which a bill and records have been submitted shall only apply to that particular treatment or portion thereof in dispute; payment must be made timely for any treatment or portion thereof not in dispute. *A provider who has submitted the reports and bills required by this section and who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review* with the department no more than thirty (30) days following notification of a disputed treatment or ninety (90) days following the original billing date of treatment. If the insurer disputes the reasonableness and necessity of the treatment pursuant to paragraph (6), the period for filing an application for fee review shall be tolled as long as the insurer has the right to suspend payment to the provider pursuant to the provisions of this paragraph. Within thirty (30) days of the filing of such an application, the department shall render an administrative decision.

77 P.S. §531(5) (emphasis added). "Paragraph (6)" states, in relevant part, as follows:

*[D]isputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions*:

(i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer. The [D]epartment [of Labor and Industry] shall authorize utilization review organizations to perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review. Organizations not authorized by the department may not engage in such utilization review.

77 P.S. §531(6)(i) (emphasis added).

agreement to release themselves from liability to a provider who did not participate in the agreement.

Employer argues *Armour Pharmacy* is distinguishable because in that case the employer had accepted liability for the work injury. Here, by contrast, Employer did not accept liability for the work injury in the C&R Agreement. However, *Nickel* has established that an employer can deny liability for a work injury but nevertheless accept responsibility for medical expenses for that contested injury. Notwithstanding its position that there has not been a work injury, the question, then, is whether Employer has accepted "responsibility" for Pharmacy's invoice. We conclude that it has.

The C&R Agreement states that litigation of Pharmacy's bills would continue in the fee review system and that Claimant would not be responsible for any payments to Pharmacy resulting from that litigation. C&R ¶10(r); R.R. 24a. At the hearing before the WCJ, Employer's counsel related to Claimant:

> Q. Just a few questions. Your attorney was very thorough. With respect to the fee review, there's a fee review currently open [with Pharmacy]. You understand whatever the fee review determination eventually comes down with, zero dollars owed, $1,000 owed, what have you, it's going to have nothing to do with you; do you understand that?
>
> A. Okay
>
> Q. Is that okay with you?
>
> A. Yes
>
> Q. So, if it's deemed that [Insurer] owes an amount of money, that that will be paid for and you won't be liable for it; do you understand that?
>
> A. Yes.

11

Q. In addition, if the fee review determines that [Insurer] owes zero dollars, you still won't be liable for it because [Pharmacy] won't be able to bill you directly; do you understand that?

A. Yes.

N.T. 10-11; R.R. 145a-46a.

In sum, Employer accepted full liability for the debt to Pharmacy. Employer's counsel told Claimant that even if Employer was found not liable, Pharmacy could not hold Claimant responsible for the debt. Stated otherwise, Employer accepted "responsibility" for the debt to Pharmacy when it released Claimant from any obligation to pay Pharmacy in the C&R Agreement. Accordingly, the Hearing Office has jurisdiction to decide the three fee review contests.

## Conclusion

For all the above reasons, the order of the Hearing Office is vacated and the matter is remanded to the Hearing Office for a hearing on the merits of the three fee review contests.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Workers First Pharmacy     :
Services, LLC,     :
           Petitioner     :
    :
       v.     :   No. 1619 C.D. 2018
    :
Bureau of Workers'     :
Compensation Fee Review Hearing     :
Office (Cincinnati Insurance     :
Company),     :
           Respondent     :

## **O R D E R**

AND NOW, this 7th day of August, 2019, the order of the Bureau of Workers' Compensation Fee Review Hearing Office (Hearing Office), dated November 14, 2018, is VACATED and the matter is REMANDED to the Hearing Office in accordance with the attached opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge