# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keystone Rx LLC, : 
                Petitioner : 
                : 
           v. : No. 1369 C.D. 2018
                : ARGUED: November 12, 2019
Bureau of Workers' Compensation Fee : 
Review Hearing Office : 
(Compservices Inc./AmeriHealth : 
Casualty Services), : 
             Respondent : 


BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED: December 12, 2019**


      Keystone Rx LLC (Pharmacy) petitions for review of an adjudication of the Bureau of Workers' Compensation (Bureau) Fee Review Hearing Office (Hearing Office) that vacated the administrative determinations of the Bureau's Medical Fee Review Section and dismissed two applications for fee review filed by Pharmacy pursuant to Section 306(f.1) of the Workers' Compensation Act (Act).[1] In rendering the adjudication, the Hearing Office relied on a utilization review (UR) determination concluding that AmeriHealth Casualty Services (Insurer) met its burden of proving that the medications Dr. Bradley Ferrara (Physician) prescribed to Thomas Shaw (Claimant) for the period under review constituted unreasonable and unnecessary treatment. On appeal, Pharmacy argues that a UR process determining the reasonableness and necessity of treatment but in which it cannot

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531.

participate should not defeat its applications for fee review where only the amount and the timeliness of the payment from the insurer or the employer may be determined. Pharmacy's position relies on, but overstates, our decision in *Armour Pharmacy v. Bureau of Workers' Compensation Fee Review Hearing Office (Wegman's Food Markets, Inc.)*, 206 A.3d 660, 671 (Pa. Cmwlth. 2019) (en banc) (*Armour II*). Pharmacy essentially argues that the due process holding of *Armour II* mandates that it be paid for filling a prescription even where, as here, a UR has found it to be unreasonable and unnecessary. We disagree, and for the reasons that follow, we affirm the dismissal of Pharmacy's applications for fee review.

The relevant background is as follows. In August 2014, Claimant sustained a work injury to his left knee. As a result, Physician rendered medical care and prescribed medications to Claimant. On May 5 and 11, 2017, Pharmacy dispensed prescribed medications to Claimant and billed Insurer.[2] In June 2017, Insurer filed a UR request. According to the August 2017 determination, all treatment rendered by Physician from November 2, 2016, and onward was adjudicated unreasonable and unnecessary. (Sept. 2, 2018, Decision of Hearing Office, Finding of Fact "F.F." No. 8.) Two petitions for review of the UR determination followed, both of which were withdrawn pursuant to a Compromise and Release (C&R) Agreement.[3]

---

[2] Insurer issued an explanation of medical benefits for the May 5, 2017, service date, indicating that Pharmacy's bill for Naprelan tablets was repriced and would be paid in the amount of $728.26. With respect to the May 11, 2017, service date, Insurer issued a medical bill denial indicating that Pharmacy's bill for compound cream was denied because "the injury indicated on the bill is not related to the original work injury." (Sept. 2, 2018, Decision of Hearing Office, Finding of Fact "F.F." No. 3.)

[3] In January 2018, a workers' compensation judge (WCJ) approved a C&R Agreement, ordered that two pending petitions for review of the UR determination be withdrawn, and directed that the medical portion of the claim remain open with respect to reasonable, necessary, and related medical bills. (F.F. No. 11.)

In July 2017, Pharmacy filed the two applications for fee review at issue. In two September 2017 administrative determinations, the Medical Fee Review Section concluded that Pharmacy was due payment in the amount of $3,616.46 for compound cream and $887.66 for Naprelan tablets. (F.F. No. 5.) Insurer filed a request for hearing to contest the determinations, maintaining that the treatment was unrelated and/or unreasonable/unnecessary. (F.F. No. 6.) In February and June 2018, the Hearing Office held hearings on the applications. Ultimately, it vacated the administrative determinations and dismissed the two applications. We now consider Pharmacy's petition for review to this Court requesting that we reverse the Hearing Office's adjudication.

We begin with a review of the statutory provisions setting the parameters of the fee review and UR processes. With respect to the fee review, Section 306(f.1)(5) of the Act provides that a provider may challenge *only* the amount and the timeliness of the payment from the insurer or the employer. Section 306(f.1)(5) provides:

> *A provider* who has submitted the reports and bills required by this section and *who disputes the amount or timeliness of the payment from the employer or insurer* shall file an application for fee review with the department no more than thirty (30) days following notification of a disputed treatment or ninety (90) days following the original billing date of treatment.

77 P.S. § 531(5) (emphasis added). With respect to UR, Section 306(f.1)(6) of the Act provides that such review may be requested *only* by or on behalf of the employer, insurer, or the employee. In pertinent part, Section 306(f.1)(6) provides:

> [D]isputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:

3

> (i) *The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective [UR] at the request of an employe, employer or insurer.* The department shall authorize [UR] organizations to perform [UR] under this act. [UR] of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review.

77 P.S. § 531(6) (emphasis added).[4] Accordingly, a provider such as Pharmacy may initiate only an action disputing the amount or timeliness of payment under Section 306(f.1)(5) but not one challenging the reasonableness or necessity of treatment under Section 306(f.1)(6).

Pharmacy acknowledges the foregoing statutory limitations, but maintains that the Hearing Office's reliance on the UR determination results in an improper deprivation of Pharmacy's due process rights with respect to payment for the prescriptions and that this Court's decision in *Armour Pharmacy v. Bureau of Workers' Compensation Fee Review Hearing Office (National Fire Insurance Co. of Hartford)*, 192 A.3d 304, 312 (Pa. Cmwlth. 2018) (*Armour I*), warrants reversal.

---

[4] In pertinent part, the regulation with respect to UR provides:

> (a) Section 306(f.1)(6) of the [A]ct provides a UR process, intended as an impartial review of the reasonableness or necessity of medical treatment rendered to, or proposed for, work-related injuries and illnesses.
>
> . . . .
>
> (c) *UR may be requested by or on behalf of the employer, insurer or employe.*
>
> (d) A party, including a health care provider, aggrieved by the UR determination, may file a petition for review of UR, to be heard and decided by a workers' compensation judge.

34 Pa. Code § 127.401 (emphasis added).

However, neither our decision in *Armour I* nor *Armour II*, decided after the Hearing Office's adjudication, provides a basis for reversal here.

In *Armour I*, a pharmacy filed a timely fee review application with respect to prescription compound cream that it had dispensed to the claimant. In the administrative determination, the Medical Fee Review Section concluded that the employer owed payment to the pharmacy for the prescription. Before the hearing on the employer's appeal of the fee review determination, however, the employer and the claimant entered into a C&R agreement that explicitly relieved the employer from liability for past, present, or future prescriptions for such creams. In the adjudication granting the employer's motion to dismiss and vacating the fee review determination, the Hearing Office concluded that (1) the administrative determination could not stand in light of the C&R agreement; (2) the Hearing Office lacked authority to address constitutional questions such as due process; and (3) the Hearing Office lacked jurisdiction to consider the merits of the C&R agreement, a matter committed solely to the discretion of a workers' compensation judge (WCJ). The pharmacy's petition for review of the adjudication followed.

On appeal, this Court in *Armour I* summarized the central question for review as "whether a C&R agreement can be used to set aside a fee review determination that an employer owes reimbursement to a provider for a particular course of treatment." *Armour I*, 192 A.3d at 310. We concluded that the employer could not use a C&R agreement, to which the pharmacy was not party, to deprive it of its right to payment under the Act. We stated: "The parties to a C&R agreement can bind each other, but they cannot release themselves from liability to a person who is not a party to the C&R agreement and who has been given neither notice nor opportunity to be heard on the C&R agreement." *Id*. at 312. In addition, we noted

5

that the employer had previously sought UR of the cream, that the cream was determined to be a reasonable and necessary treatment of the claimant's work injury, and that the employer did not appeal that determination. *Id*. at 306. Consequently, we construed the C&R agreement, which established the employer's liability for past medical expenses, to require payment for the cream. In so doing, we observed that an employer could challenge a claimant's medical treatment as not medically necessary but that once it lost that challenge, it could not use a C&R agreement to deprive a provider such as a pharmacy of its right under the Act to prompt payment for services rendered to treat a claimant's work injury. Accordingly, we vacated the Hearing Office's order and remanded the matter for a decision on the merits of the request for a hearing to contest the fee review determination.

In the present case, the Hearing Office found *Armour I* to be distinguishable because that case turned on the significance of the C&R agreement. It emphasized that the instant matter turned on the controlling UR determination that Physician's treatment, including prescription medications, was unreasonable and unnecessary. It also observed that "[t]he scope of the fee review arena is limited to the timeliness of payment and to the amount of payment of medical bills" whereas "the reasonableness and necessity of treatment is determined through the [UR] process." (F.F. No. 15(d).) Accordingly, the Hearing Office concluded that Pharmacy lacked standing in the fee review arena to challenge the UR determination and that there is no jurisdiction in that arena to decide whether Pharmacy's due process rights have been violated. (F.F. No. 15(c) and (d).) We agree with the Hearing Office's rationale distinguishing *Armour I* from the present case.

We turn now to *Armour II*, which we decided after the Hearing Office's adjudication. In *Armour II,* the Medical Fee Review Section had directed the

6

employer to pay the pharmacy for a prescription cream, and the employer appealed to the Hearing Office, claiming that the pharmacy was not a "provider" within the meaning of the Act. The Hearing Office determined that it, as well as the Medical Fee Review Section, lacked jurisdiction to decide that issue and thus vacated the order to pay. We reversed, noting that the polestar of *Armour I* is that the Act must be construed in accordance with due process of law. *Armour II*, 206 A.3d at 667. Thus, we held that the Hearing Office, in addition to a WCJ, has jurisdiction to determine the pharmacy's *provider status*. However, we further noted:

> In no way does this holding expand the scope of the fee review proceeding beyond timeliness and amount owed to a provider that has treated a claimant for his work injury. This holding does not allow the Hearing Office to determine the reasonableness of the medical care or service; the claimant's injury as work-related; or the employer's liability for a work injury. Where [UR] is sought, a fee determination is premature.[9]
>
> > [9] [The] [e]mployer denied payment on [the] [p]harmacy's December 29, 2016, invoice because, inter alia, it sought [UR]. If that [UR] has not been completed, then the Hearing Office should hold [the] [e]mployer's hearing request until the [UR] is completed.

*Id.* at 671. In accordance with our holding in *Armour II*, it necessarily follows that a UR determination is binding on the Hearing Office. Here, the UR determined that the medications were unreasonable and unnecessary. Pharmacy is attacking the facial validity of the UR process, and the Hearing Office correctly held that such a question was beyond its purview.

However, we acknowledge that there are due process issues for providers such as Pharmacy that are precluded from participating in the UR process

7

but nonetheless are bound by the results that follow them to the fee review process at issue herein. Accordingly, we hold that for UR procedures occurring after the date of this opinion where an employer, insurer, or an employee requests UR, a provider which is not a "health care provider" as defined in the Act, such as a pharmacy, testing facility or provider of medical supplies, must be afforded notice and an opportunity to establish a right to intervene under the usual standards for allowing intervention. Although this Court may not usurp the powers of the General Assembly and exceed the parameters of legislation pertaining to medical cost containment, it bears repeating that the polestar of *Armour I* is that the Act must be construed in accordance with due process of law. *Armour II*, 206 A.3d at 667.

For the above reasons, although we create a new rule going forward, we affirm in the present case.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keystone Rx LLC,              :

             Petitioner     :

                                  :

             v.                :    No.  1369 C.D. 2018

                                  :

Bureau of Workers' Compensation Fee   :
Review Hearing Office                  :
(Compservices Inc./AmeriHealth         :
Casualty Services),                    :

             Respondent    :

## O R D E R

AND NOW, this 12th day of December, 2019, the order of the Bureau of Workers' Compensation Fee Review Hearing Office is hereby AFFIRMED.

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge