IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Workers' First Pharmacy Services, LLC,:
                    Petitioner       :
                                  :
              v.               :   No. 901 C.D. 2018
                                  :   Argued: November 12, 2019
Bureau of Workers' Compensation Fee  :
Review Hearing Office (Gallagher      :
Bassett Services),                 :
              Respondent   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: January 16, 2020

      Workers' First Pharmacy Services, LLC, (Pharmacy) petitions for review of an adjudication of the Bureau of Workers' Compensation (Bureau), Fee Review Hearing Office (Hearing Office) that vacated a determination of the Bureau's Medical Fee Review Section. At issue is Pharmacy's invoice for a compound cream that it dispensed to Adriana Lozano (Claimant) for treatment of a work injury, which Claimant's employer, Bayada Home Health Care, Inc. (Employer),[1] refused to pay. When the Medical Fee Review Section ordered Employer to pay Pharmacy's invoice, Employer appealed. The Hearing Office held that Pharmacy's fee review petition was premature; vacated the determination of the Medical Fee Review Section on Pharmacy's petition; and dismissed Employer's appeal of the directive to pay Pharmacy's invoice for the compound cream. Before this Court, Pharmacy asserts that the Hearing Office erred and has left it without a forum to challenge Employer's refusal to reimburse it for the compound cream it

---

[1] Employer is insured by Gallagher Bassett Services/Arch Insurance Company.

dispensed to Claimant, and this deprives Pharmacy of due process. We vacate and remand.

## Background

On December 18, 2016, Claimant sustained a shoulder injury while working for Employer. Pursuant to the Workers' Compensation Act,[2] Employer issued a medical-only Notice of Temporary Compensation Payable (NTCP), accepting the work injury as a right shoulder strain. On June 16, 2017, Samuel Grodofsky, M.D., prescribed Claimant a compound cream, *i.e.*, Diclofenac 1.5% Topical Solution, for application to the "affected area 2-4 times daily[.]" Reproduced Record at 13a (R.R. __). On June 21, 2017, Pharmacy dispensed the compound cream to Claimant and billed Employer $4,869.99. Employer denied payment for the stated reason that the "diagnosis is inconsistent with the procedure." R.R. 11a.

On August 25, 2017, Pharmacy filed a fee review application. Pharmacy submitted a "Health Insurance Claim Form" reporting Claimant's address and insurance information. R.R. 9a. It also documented that Claimant received the compound cream on June 21, 2017, and the cost was $4,869.99. Additionally, Pharmacy submitted a copy of Dr. Grodofsky's prescription for the compound cream.

In the meantime, Claimant and Employer pursued litigation related to Claimant's work injury. On May 23, 2017, Claimant filed a penalty petition, alleging that Employer had violated the Act by unilaterally stopping Claimant's benefits as of January 4, 2017. On June 30, 2017, Employer filed a termination petition, alleging that Claimant had fully recovered from her work injury. On July

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

18, 2017, Claimant filed a review petition seeking to amend the description of her injury in the NTCP to include an acromioclavicular joint separation and a clavicular avulsion fracture. These petitions were assigned to a Workers' Compensation Judge (WCJ), who scheduled a hearing for August 23, 2017.

At that scheduled hearing, the parties requested the WCJ to approve their Compromise and Release (C & R) Agreement, by which Employer agreed to pay Claimant $15,000 to resolve any future medical or wage loss claims and any medical bills incurred prior to the date of the hearing that were related to the accepted work injury, which the C & R Agreement described as a "right shoulder strain." R.R. 34a. The WCJ approved the C & R Agreement on August 25, 2017.

On October 12, 2017, the Bureau's Medical Fee Review Section acted upon Pharmacy's fee review petition that had been filed on August 25, 2017, the same day the WCJ approved the C & R Agreement. The Medical Fee Review Section held that Employer was obligated to reimburse Pharmacy $4,455 plus interest from July 6, 2017. Employer requested a *de novo* hearing to contest the fee determination, arguing that the compound cream dispensed by Pharmacy had never been adjudicated as related to Claimant's work injury and, thus, Pharmacy's fee review application was premature. Pharmacy responded that Employer should have sought utilization review if it believed that the compound cream it dispensed was not related to Claimant's work injury. Dismissing Pharmacy's fee review application would leave it without a remedy and violate due process.

The Hearing Office found that Employer denied payment because of Employer's "belief that the bill for the [compound cream] is not related to the work injury." Adjudication, 6/7/2018, at 4, Finding of Fact No. 13; R.R. 108a. The Hearing Office cited Claimant's testimony from the C & R hearing that it was her

3

understanding that the C & R Agreement obligated Employer to pay only those medical bills "related" to the work injury. *Id.*, Finding of Fact No. 14(a); R.R. 108a. However, there was no statement in the C & R Agreement that the compound cream dispensed by Pharmacy related to Claimant's work injury. Concluding that liability for the compound cream had to be established either by Employer's acceptance or a determination by a WCJ, the Hearing Office determined that Pharmacy's fee review petition was premature.

The Hearing Office vacated the Medical Fee Review Section's fee determination and dismissed Employer's request for a hearing on the fee determination.

**Issues**

Pharmacy has petitioned for this Court's review. On appeal, it raises two issues.[3] First, it asserts that the Hearing Office erred in dismissing Employer's request for a *de novo* hearing on the merits of the Medical Fee Review Section's determination that Employer had to pay Pharmacy's invoice. Pharmacy contends that its fee petition was not premature in light of the fact that Employer did not request utilization review of the treatment. Second, it argues that it violates due process not to provide Pharmacy a mechanism for challenging Employer's refusal to reimburse it for compound cream it dispensed to Claimant.[4]

---

[3] Our review in medical fee review cases determines whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact were supported by substantial evidence. *Pittsburgh Mercy Health System v. Bureau of Workers' Compensation, Fee Review Hearing Office (U.S. Steel Corp.)*, 980 A.2d 181, 184 n.4 (Pa. Cmwlth. 2009). Regarding questions of law, our scope of review is plenary and our standard of review is *de novo*. *Sedgwick Claims Management Services, Inc. v. Bureau of Workers' Compensation, Fee Review Hearing Office (Piszel and Bucks County Pain Center)*, 185 A.3d 429, 433 n.2 (Pa. Cmwlth. 2018).

[4] The Due Process Clause of the Fourteenth Amendment states as follows:

4

This Court directed the parties to file supplemental briefs to address recent developments in the law with respect to the fee review process. The Court's order stated as follows:

> [T]he parties are directed to file supplemental briefs in the above-captioned matter addressing the applicability of *Armour Pharmacy v. Bureau of Workers' Compensation Fee Review Hearing Office (Wegmans Food Markets, Inc.)*, 206 A.3d 660 (Pa. Cmwlth. 2019) [*Armour Pharmacy II*].

Order of Commonwealth Court, 6/14/2019.

In its supplemental brief, Pharmacy argues that *Armour Pharmacy II* established that the Hearing Office may address the threshold question of whether the compound cream dispensed by Pharmacy was, in fact, related to the accepted work injury. A contrary ruling would violate due process. Alternatively, Pharmacy argues that Employer had to file a utilization review petition if it believed that the compound cream Pharmacy dispensed to Claimant did not "relate to" the accepted work injury.

## Workers' Compensation Act

The Act requires employers to make prompt payment on provider invoices for reasonable and necessary medical treatment of a claimant's work injury, and it establishes procedures for resolving disputes between a provider and an employer about whether the treatment actually meets that standard. Specifically, Section 301(f.1)(5) states:

---

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. XIV, §1. The Pennsylvania Constitution also provides this protection. PA. CONST. art. I, §9.

The employer or insurer shall make payment and providers shall submit bills and records in accordance with the provisions of this section. *All payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph (6).* The nonpayment to providers within thirty (30) days for treatment for which a bill and records have been submitted shall only apply to that particular treatment or portion thereof in dispute; payment must be made timely for any treatment or portion thereof not in dispute. *A provider who has submitted the reports and bills required by this section and who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review with the department no more than thirty (30) days following notification* of a disputed treatment or ninety (90) days following the original billing date of treatment. If the insurer disputes the reasonableness and necessity of the treatment pursuant to paragraph (6), the period for filing an application for fee review shall be tolled as long as the insurer has the right to suspend payment to the provider pursuant to the provisions of this paragraph. Within thirty (30) days of the filing of such an application, the department shall render an administrative decision.

77 P.S. §531(5) (emphasis added). "Paragraph 6" states, in relevant part, as follows:

*[D]isputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions*:

(i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer. The department shall authorize utilization review organizations to perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review.

77 P.S. §531(6) (emphasis added).

The Department of Labor and Industry's (Department) cost containment regulation states that utilization review does "not decide" the "causal relationship between the treatment under review and the employe's work-related injury." 34 Pa. Code §127.406(b)(1).[5] The regulation also states that "[i]n medical only cases, when an insurer is paying for an injured worker's medical treatment" but has not admitted liability for a work-related injury, "the insurer may still seek review of the reasonableness or necessity of the treatment by filing a request for [utilization review]." 34 Pa. Code §127.405(a).

In sum, where an employer challenges a provider's treatment as neither reasonable nor necessary for a work injury, it must seek utilization review pursuant to Section 301(f.1)(6) of the Act, 77 P.S. §531(6). Until the utilization review determination is issued, the employer may "suspend payment to the provider."

---

[5] The cost containment regulation states as follows:

    (a) UROs [Utilization Review Organizations] shall decide only the reasonableness or necessity of the treatment under review.
    (b) UROs may not decide any of the following issues:

        (1)   The causal relationship between the treatment under review and the employe's work-related injury.

        (2)   Whether the employe is still disabled.

        (3)   Whether "maximum medical improvement" has been obtained.

        (4)   Whether the provider performed the treatment under review as a result of an unlawful self-referral.

        (5)   The reasonableness of the fees charged by the provider.

        (6)   The appropriateness of the diagnostic or procedural codes used by the provider for billing purposes.

        (7)   Other issues which do not directly relate to the reasonableness or necessity of the treatment under review.

34 Pa. Code §127.406

Section 301(f.1)(5), 77 P.S. §531(5). Where a provider does not receive payment within 30 days (and payment has not been stayed by an employer's utilization review request), the provider may file a fee review petition pursuant to Section 301(f.1)(5) of the Act, 77 P.S. §531(5).

A fee review proceeding is not the mechanism for establishing that a claimant has sustained a work-related injury or the scope of the work injury. As this Court has explained:

> the fee review process *presupposes* that liability has been established, either by voluntary acceptance by the employer or a determination by a WCJ. Neither the Act nor the medical cost containment regulations provide any authority for a fee review officer to decide the issue of liability in a fee review proceeding. The Department's regulations, at 34 Pa. Code §127.255(1), state that an application for fee review filed by a provider is premature and will be returned if "[t]he insurer denies liability for the alleged work injury." The issue for the fee review officer is the "amount and timelines[s] of the payment made by an insurer." 34 Pa. Code §127.251.

*Nickel v. Workers' Compensation Appeal Board (Agway Agronomy)*, 959 A.2d 498, 503 (Pa. Cmwlth. 2008) (emphasis added). Accordingly, the medical cost containment regulation states that a fee review is premature in the following instances:

> (1) The insurer denies liability for the alleged work injury.
>
> (2) The insurer has filed a request for utilization review of the treatment under Subchapter C (relating to medical treatment review).
>
> (3) The 30-day period allowed for payment has not yet elapsed, as computed under §127.208 (relating to time for payment of medical bills).

34 Pa. Code §127.255.

8

A dispute about whether a claimant has a work injury, or the scope of that injury, must be litigated in accordance with the procedures of the Act for a claim petition proceeding. *See Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 634 A.2d 592, 595 (Pa. 1993) ("[I]n a claim proceeding, the employee bears the burden of establishing a right to compensation and of proving all necessary elements to support an award.").

In *Armour Pharmacy I*, 192 A.3d 304 (Pa. Cmwlth. 2018), a compound cream prescribed to the claimant had previously been determined to be a reasonable and necessary treatment of the claimant's accepted work injury. When the employer refused to reimburse the pharmacy for this compound cream, the Bureau's Medical Fee Review Section directed the employer to pay the repriced invoice with interest. While the employer's appeal was pending, the claimant and the employer entered into a C & R agreement in which the employer accepted liability for past medical expenses incurred, with the exception of the compound cream. The C & R agreement also stated that the claimant was excused from liability for the compound cream. The Hearing Office held that the C & R agreement extinguished the employer's liability for the compound cream and, thus, vacated the fee determination of the Medical Fee Review Section.

On appeal, this Court vacated the adjudication of the Hearing Office and remanded the matter for further proceedings. We held that "[a] C & R [a]greement, to which a provider is not a party, cannot be used to deprive a provider of the review procedures and excuse the employer from paying the provider." *Armour Pharmacy I*, 192 A.3d at 312. "To hold otherwise would eviscerate Section 301(f.1)(5) and (6) of the Act and violate the due process of law guaranteed to providers." *Id*. Further, the C & R agreement obligated the employer to pay past

medical expenses, and the utilization review had found the compound cream at issue to be reasonable and necessary for treatment of the claimant's work injury. In short, the C & R agreement made the employer liable for the prescription.

In *Armour Pharmacy II*, 206 A.3d 660, the employer refused to reimburse the pharmacy for the stated reason that the pharmacy was not a "health care provider" as defined by the Act[6] and, thus, not entitled to reimbursement. Explaining that the fee review procedure is designed to determine the amount or timeliness of payment for medical treatment, the Hearing Office concluded that whether a pharmacy is a health care "provider" under the Act was beyond the scope of a fee review proceeding. The Hearing Office dismissed the matter for lack of jurisdiction.

On appeal to this Court, the pharmacy argued it had been denied due process of law because the Act provided no forum for the pharmacy to litigate the question of whether the pharmacy was a health care provider within the meaning of the Act. We agreed that it violated due process to leave the pharmacy without a forum to litigate its provider status and held that the threshold question of whether the pharmacy was a provider was a matter for the Hearing Office to determine.

With these principles in mind, we turn to the instant appeal.

---

[6] Section 109 of the Act defines a "health care provider" as follows:

> *[A]ny person, corporation, facility or institution licensed or otherwise authorized by the Commonwealth to provide health care services*, including, but not limited to, any physician, coordinated care organization, hospital, health care facility, dentist, nurse, optometrist, podiatrist, physical therapist, psychologist, chiropractor *or pharmacist* and an officer, employe or agent of such person acting in the course and scope of employment or agency related to health care services.

77 P.S. §29 (emphasis added).

**Analysis**

Pharmacy argues that Employer waived its right to challenge the compound cream as not related to the accepted work injury because it did not seek utilization review of Pharmacy's invoice. As such, Employer had the obligation to pay the invoice within 30 days of its receipt. *See* 34 Pa. Code §127.255 (fee review of non-payment of provider invoice is premature only where the employer denies liability for the work injury; has requested utilization review; or 30 days has not yet elapsed). Pharmacy contends that because Employer lacked grounds for not paying the compound cream invoice in a timely manner, Pharmacy's fee review application was not premature.

Employer responds that only a WCJ can determine whether a provider's treatment relates to a work injury or to another, non-work-related problem. Here, the prescription instructed Claimant to apply the compound cream to the "affected area 2-4 times daily" but did not identify the body part. R.R. 13a. Employer notes that the cost containment regulation states that utilization review does not decide the "causal relationship between the treatment under review and the employe's work-related injury." 34 Pa. Code §127.406(b)(1). Employer further notes that the Hearing Office found that Employer believed the "topical solution is not related to the work injury." Adjudication, 6/7/2018, Finding of Fact No. 13, at 4; R.R. 108a.

In support of their respective positions, the parties both cite *Crozer Chester Medical Center v. Department of Labor and Industry, Bureau of Workers' Compensation Health Care Services Review Division*, 22 A.3d 189 (Pa. 2011). In that case, the medical center filed a petition for review addressed to this Court's original jurisdiction to compel the Department to hold a hearing on its fee petition. This Court dismissed Crozer's request for a writ of mandamus, and Crozer appealed.

11

The Department argued that there were practical considerations for a "regulatory prohibition against litigating liability within the context of the fee review process." *Id.* at 193. The Supreme Court agreed. It concluded that because the employer disputed liability, the medical center did not state a claim in mandamus.[7] The Supreme Court observed that the employer may "question liability for a particular treatment" by filing a petition to modify the description of the work injury in the notice of compensation payable (NCP) or by seeking a utilization review of the "'reasonableness or necessity' of a treatment offered for an accepted work-related injury." *Id.* at 195.

Here, liability for Claimant's work injury has been established. As the Supreme Court observed in *Crozer,* to question liability for the compound cream treatment, Employer could have filed a modification petition to change the scope of the accepted work injury or sought utilization review of the treatment. Employer did neither.

Had Employer sought utilization review, its 30-day deadline to pay Pharmacy's invoice would have been stayed. Claimant may be under treatment for an array of medical problems, only some of which relate to the work injury. It is for the Utilization Review Organization to sort this out.[8] If the compound cream was prescribed for a non-work-related injury of Claimant, *a fortiori* it is not reasonable

---

[7] The Supreme Court was split. Justice Baer, joined by Justices Todd and McCaffery, would have permitted the petition for review to proceed and would have granted the writ of mandamus.

[8] Under the Bureau's regulation, the Utilization Review Organization (URO) does not decide an issue about the "causal relationship" between the treatment and the "employe's work injury." 34 Pa. Code §127.406(b)(1). On the other hand, the URO must decide the "reasonableness or necessity of the treatment." 34 Pa. Code §127.406(a). The regulation is ambiguous. The mandate to determine "reasonableness or necessity" of the treatment cannot be sidestepped. That the treatment may be reasonable for a non-work-related injury is beyond the scope of utilization review, which may be the purpose of 34 Pa. Code §127.406(b)(1).

12

or necessary for treatment of her accepted work injury. Employer's stated reason for denying Pharmacy's invoice was that the "diagnosis is inconsistent with the procedure." R.R. 11a. This is just another way of stating that the compound cream was not a reasonable or necessary "procedure" for treating Claimant's "diagnosis," *i.e.*, a shoulder sprain.

An application for fee review is deemed premature in three circumstances: (1) where the insurer denies liability for the alleged work injury; (2) where the insurer has filed a request for utilization review; or (3) where the 30-day period insurer is allowed for payment of a provider's invoice has not yet elapsed. 34 Pa. Code §127.255. Here, the Hearing Office concluded that Pharmacy's fee review was premature because Employer denied that the compound cream was related to Claimant's accepted work injury. The Hearing Office erred because Employer's non-payment did not fit any of the exceptions to the rule that an employer must pay an invoice within 30 days. *See* 34 Pa. Code §127.255. Employer did not file a modification petition to revise Claimant's accepted work injury and did not seek utilization review. Employer expressly accepted liability for Claimant's work injury in the nature of a right shoulder strain both in the NTCP and in the C & R Agreement.[9]

Employer contends that the compound cream was not related to the accepted work injury, *i.e.*, a shoulder sprain. It argues that its liability for this treatment must be established in a claim petition proceeding. We disagree. The work injury has been accepted, and the sole question is whether the compound cream

---

[9] To be sure, Employer opposed Claimant's effort to expand the description of the work injury to include an acromioclavicular joint separation and a clavicular avulsion fracture.

13

was reasonable and necessary for treatment of the accepted work injury. This is an issue for utilization review.

We hold that Employer was obligated to seek utilization review upon receipt of Pharmacy's invoice. Had Employer sought utilization review, the filing of Pharmacy's fee review petition would have been premature. 34 Pa. Code §127.255. Further, Employer's liability to Pharmacy would have been "suspend[ed]" pursuant to Section 301(f.1)(5) of the Act, 77 P.S. §531(5). The Hearing Office erred in finding Pharmacy's fee review petition premature because Employer had accepted liability for Claimant's work injury and had not sought utilization review to challenge the compound cream as neither reasonable nor necessary for treatment of Claimant's work-related shoulder sprain.[10]

## Conclusion

For all the above reasons, we vacate the determination of the Hearing Office that Employer's fee review petition was premature and remand to the Hearing Office for a decision on the merits of the fee review determination.

_____
MARY HANNAH LEAVITT, President Judge

---

[10] Because we find that Pharmacy's fee review petition was not premature, we need not consider Pharmacy's second issue, *i.e.*, whether the Hearing Office's dismissal of Employer's appeal of the fee determination violated Pharmacy's right to due process in accordance with *Armour Pharmacy II*.

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Workers' First Pharmacy Services, LLC,:
                           Petitioner    :
                                         :
           v.                            :    No. 901 C.D. 2018
                                         :
Bureau of Workers' Compensation Fee  :
Review Hearing Office (Gallagher         :
Bassett Services),                       :
                           Respondent    :

# **O R D E R**

AND NOW, this 16th day of January, 2020 the order of the Bureau of Workers' Compensation Fee Review Hearing Office, dated June 7, 2018, is hereby VACATED and this matter is REMANDED for further proceedings in accordance with the attached opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge